IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-106-BO

| | |
|---|---|
| JACKIE HILDRETH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 15, 18]. A hearing was held on these matters before the undersigned on May 17, 2023, at Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II and supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed her application on March 11, 2020, alleging disability beginning November 15, 2019, later amended to November 10, 2018. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff met the insured status requirements through 31 December 2023 and had not engaged in substantial gainful activity since her amended alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, vestibular disorder/vertigo, low body weight, anxiety, depression, and borderline intellectual functioning. The ALJ determined that these impairments did not meet or medically equal the severity of one of the listed impairments at step three. At step four, the ALJ made an RFC finding that plaintiff could perform a reduced range of light work with several exertional and nonexertional limitations and that plaintiff could not perform any past relevant work. The ALJ found at step five that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as office helper, ticket taker, and marker. The ALJ made an alternative finding that, if reduced to the sedentary level, plaintiff could perform jobs such

as printed circuit board screener, document preparer, and lens inserter. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

Plaintiff raises two arguments in support of her motion. First, she contends that the ALJ failed to demonstrate that there are jobs in significant numbers which plaintiff can perform and second that the ALJ erred by failing to perform a function-by-function evaluation of plaintiff's ability to lift.

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

In her decision, the ALJ noted that plaintiff testified that she could add and subtract, perform simple division and multiplication, and had completed the ninth grade. Tr. 22. Plaintiff's attorney questioned plaintiff during the hearing and clarified that plaintiff had failed the ninth grade and then dropped out of school. Tr. 52. This is supported by plaintiff's academic records, which further demonstrate plaintiff was in special education classes, that plaintiff read at a second-grade level and that her math performance was at the third-grade level. Tr. 311, 270. Plaintiff could perform simple multiplication, but only with picture cues. Tr. 271. This is consistent with

4

plaintiff's hearing testimony, where she stated that she would have to work out how to divide four by two on paper and that she could multiply "[u]p to maybe nine". Tr. 52-53.

The VE testified that in order to perform the jobs identified plaintiff would need to be able to perform simple multiplication and division, or have skills consistent with a fourth to sixth grade math level. Tr. 25. The ALJ did not reconcile this discrepancy in the evidence prior to making her step five finding that plaintiff could perform jobs in the national economy. While defendant argues that plaintiff performed work as a cashier, and thus she should be able to perform the requisite math skills for the jobs identified by the VE, it is not clear whether plaintiff was ever required to make change without the use of a cash register or calculator. Remand is therefore appropriate. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (where the ALJ decision lacks sufficient explanation, proper course is generally remand). In so doing, the Court does not affirm the ALJ as to the remaining arguments in plaintiff's motion.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand to the Commissioner for further proceedings is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion [DE 18] is DENIED. The decision of the Commissioner is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this __17__ day of July 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5